IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01714-WDM-CBS

GROUND IMPROVEMENT TECHNIQUES, INC.,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on Defendant Federal Insurance Company's ("Federal") Motion to Dismiss (Docket No. 5). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is granted.

### Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Background[1]

This case arises out of a previous lawsuit between Plaintiff Ground Improvement Techniques, Inc. ("GIT") and Morrison Knudsen Corporation ("MK"). When MK appealed the decision in that case, Federal issued a supersedeas bond pursuant to Fed. R. Civ. P. 62(d). This bond was originally for $7,000,000 but was subsequently increased to $7,075,000. On appeal, the Tenth Circuit affirmed judgment in favor of

---

[1] Generally, when documents not attached to the complaint are considered in a motion to dismiss, the motion to dismiss is converted to a motion for summary judgment. *GFF Corp. V. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'"). "However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004)). A court may take judicial notice of "its own files and records, as well as facts which are a matter of public record." *Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)).

Accordingly, I take judicial notice of the underlying litigation, *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, Case No. 95-2510-JLK-BNB, particularly Docket No. 746, which enters judgment against both MK and Federal, and Docket No. 798, which stays execution of the August 2006 judgment as against Federal. I also take judicial notice of the Tenth Circuit opinion, *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221 (10th Cir. 1999).

GIT but remanded for a new trial "limited to the issue of damages." *Morrison Knudsen Corp.*, 175 F.3d at 1227. After a second trial, judgment was entered in favor of GIT in the amount of $20,157,426.00 and judgment was "rendered, jointly and severally, against MK and the Federal Insurance Company up to the penal sum of the increased Supersedeas Bond of Seven Million, Seventy-Five Thousand dollars ($7,075,000.00) with any and all remaining amounts rendered and awarded against MK." (Case No. 95-2510-JLK-BNB, Docket No. 746 at 5–6, dated August 16, 2006.) On October 30, 2006, on motion by Federal, Judge Kane stayed the execution of the August 2006 judgment as against Federal pending Federal's appeal. (*See id.* Docket No. 798.) Without deciding the issue of whether the original bond was discharged when the Court of Appeals vacated the original judgment, I note that Judge Kane's stay also relieved Federal from filing a new bond for the new appeal which suggests Judge Kane may have concluded the original bond was not discharged.

## Discussion

Federal argues that GIT's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because, given the stay of execution in the litigation giving rise to Federal's liability to GIT, Federal is under no obligation to pay GIT.[2] I agree. It is undisputed that the litigation in Case No. 95-2510-JLK-BNB is the only event giving rise to the surety relationship which GIT claims was breached in bad faith by Federal. It is also

---

[2] In its brief, Federal makes a variety of arguments for a dismissal including, *inter alia*, res judicata and failure to comply with Colorado's exemplary damages statute. However, as I agree that the claim must be dismissed due to the stay of execution, I need not address those arguments.

undisputed that the execution of the August 2006 judgment in Case No. 95-2510-JLK-BNB was stayed by Judge Kane on October 30, 2006.  Thus, pursuant to the stay, Federal is under no current obligation to pay the judgment to GIT.  *See* Fed. R. Civ. P. 69(a)(1) (providing that a "money judgment is enforced by a writ of execution").  Consequently, there are no set of facts that GIT has alleged or could allege that would plausibly support a claim that Federal breached its surety/insurer contract in bad faith.

"[A] commercial surety acts in bad faith when the surety's conduct is unreasonable and the surety knows the conduct is unreasonable or recklessly disregards the fact that its conduct is unreasonable."  *Transamerica Premier Ins. Co. v. Brighton Sch. Dist. 27J*, 940 P.2d 348, 354 (Colo. 1997).  As the August 2006 judgment is not enforceable at this time and, therefore, Federal is under no current obligation to pay the judgment, its decision to not pay the judgment until after the appeal is completed cannot be said to be unreasonable.  GIT's response neither addresses the stay nor offers any argument why the stay does not affect their claim in this case.  The fact that the Tenth Circuit acknowledged that damages were due to GIT, a fact reiterated again and again in GIT's response, does not change the enforceability of the August 2006 judgment given the stay of execution.  Furthermore, GIT's arguments regarding the necessity of a bad faith breach of contract remedy are irrelevant in this case.  Federal does not argue that Colorado does not recognize a bad faith claim; rather, it simply argues that, given the stay of execution, GIT has no grounds for alleging that Federal acted in bad faith in refusing to pay the bonded amount to GIT.  I agree with Federal, particularly given Judge Kane's specific Order

that a new bond was not required during the stay, and conclude that the complaint does not plead "enough facts to state a claim to relief that is plausible on its face" and, therefore, must be dismissed. *Twombly*, 127 S.Ct. at 1974.

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss (Docket No. 5) is granted.

2. This case is dismissed with prejudice.

3. Defendant may have its costs.

DATED at Denver, Colorado, on April 8, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge