IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-01714-WDM-CBS

GROUND IMPROVEMENT TECHNIQUES, INC.,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

Defendant.

---

**ORDER ON VARIOUS MOTIONS**

---

Miller, J.

This matter is before me on the following motions: (1) Plaintiff's Motion to Alter, or Vacate, or for Relief from the Judgment of Dismissal (Docket No. 30) ("Motion to Alter"); (2) Defendant's Rule 54(d)(2) Motion for Attorney Fees (Docket No. 33); Plaintiff's Motion to Bifurcate Attorney Fee Issues (Docket No. 36); (4) Defendant's Motion for Costs, Expenses, and Attorney's Fees Pursuant to 28 U.S.C. § 1927 (Docket No. 39); and (5) Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Docket No. 52). After a review of the pleadings and Plaintiff's written arguments, I conclude oral argument is not required.

Background

This case arises out of a previous lawsuit between Plaintiff Ground Improvement Techniques, Inc. ("GIT") and Morrison Knudsen Corporation ("MK"). The case went to trial in November 1996 and resulted in a jury verdict of $5.6 million in favor of GIT,

which was ultimately amended to $6,132,837.70 to include prejudgment interest and costs. When MK appealed the decision, it's surety, Federal Insurance Company ("Federal") issued Supersedeas Bond No. 8131-18-24 (the "Supersedeas Bond") pursuant to Fed. R. Civ. P. 62(d). The bond was originally for $7,000,000 but was subsequently increased to $7,075,000. The Supersedeas Bond stated:

> [T]he condition of this obligation is that if the appellant shall prosecute this appeal to effect and shall satisfy the judgment in full, together with costs, interest, and damages for delay if the appeal is finally dismissed or if the judgment is affirmed or shall satisfy in full such judgment as modified together with such costs, interest, and damages as the Court of Appeals may adjudge and award, this obligation shall be void; otherwise it shall remain in full force and effect.

On appeal, the Tenth Circuit affirmed judgment in favor of GIT but remanded for a new trial "limited to the issue of damages." *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1227 (10th Cir. 1999) ("*Morrison Knudsen 1*").

After a second trial regarding only damages, judgment was entered in favor of GIT in the amount of $20,157,426.00 (including prejudgment interest) and judgment was "rendered, jointly and severally, against MK and the Federal Insurance Company up to the penal sum of the increased Supersedeas Bond of Seven Million, Seventy-Five Thousand dollars ($7,075,000.00) with any and all remaining amounts rendered and awarded against MK." (Case No. 95-2510-JLK-BNB, Docket No. 746 at 5–6, dated August 16, 2006.) Federal appealed the judgment arguing that the Tenth's Circuit's remand in *Morrison Knudsen 1* discharged the bond. On October 30, 2006, on motion by Federal, Judge Kane stayed the execution of the August 2006 judgment as against Federal pending Federal's appeal. (*See id.* Docket No. 798.) On July 8, 2008, the Tenth Circuit ruled on Federal's appeal, concluding that "*Morrison Knudsen 1* did not

discharge the Supersedeas Bond and it is still in effect." *Morrison Knudsen Corp. v. Ground Improvements Techniques, Inc.*, 532 F.3d 1063, 1069 (10th Cir. 2008) (*"Morrison Knudsen 2"*).

Prior to the Tenth Circuit's ruling, however, GIT filed this action against Federal for "bad faith rejection and refusal to fulfill its surety/insurer duties and policy obligations owed to the Plaintiff pursuant to 'Bond #8131-18-24' by unjustifiably and unreasonably and in bad faith withholding, delaying, and wrongfully denying prompt payment of tens of millions of dollars in bond policy proceeds undisputedly due, owning, and payable to Plaintiff." (Compl. ¶ 1, Docket No. 1.) Federal moved to dismiss the lawsuit setting forth a variety of arguments. (*See* Memo. in Support of Mtn. to Dismiss, Docket No. 6.) By Order dated April 8, 2008, based on the fact that, due to the stay, Federal was under no obligation to pay the judgment or the Supersedeas Bond, I dismissed the case concluding that "there are no set of facts that GIT has alleged or could allege that would plausibly support a claim that Federal breached its surety/insurer contract in bad faith." (April 8, 2008 Order at 4, Docket No. 26.)

## Discussion

### 1. Motion for Reconsideration

On April 21, 2008, GIT filed a Motion to Alter, or Vacate, or for Relief from the Judgment of Dismissal (Docket No. 30). "The Federal Rules of Civil Procedure . . . allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for

reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* In this case, GIT filed its motion within ten days of my Order. Therefore, GIT's motion must be analyzed as a Rule 59(e) motion.

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),[1] and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished).

In this case, GIT apparently bases its motion on the need to "correct clear error or prevent manifest injustice" as it does not allege that there has been an intervening change in controlling law or that there is new evidence previously unavailable. *See*

---

[1] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

*Servants of the Paraclete*, 204 F.3d at 1012 (citing *Brumark*, 57 F.3d at 948). GIT argues that my April 8, 2008 Order (1) neglected to analyze, independent of Federal's underlying policy liability, GIT's bad faith claim for failing to properly "acknowledge, investigate, address, administer or resolve" GIT's claim for payment under the Supersedeas Bond (Mtn. to Alter, Docket No. 30 ¶ 4) and (2) inappropriately took judicial notice of Judge Kane's stay without considering the remainder of the record in the underlying litigation. Additionally, GIT argues that the Order somehow incorrectly deems Federal immune from bad faith liability. Federal responds that no argument presented by GIT warrants amendment under Rule 59(e). Federal further argues that in this case the obligation to pay cannot be divorced from the duty to act in good faith and, therefore, because there was no obligation to pay the judgment, there was no obligation to investigate or administer GIT's claims in good faith.[2]

First, with respect to GIT's first argument, I note that this argument is an inappropriate basis for a Rule 59(e) motion because it could have been raised earlier. *See Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243) (holding that motions for reconsideration are not appropriate to "advance arguments that could have been raised in prior briefing"). Federal's motion to dismiss the entire action argued "as a matter of law, that Federal has not refused to make payment to GIT in bad faith or otherwise prosecuted the appeal without a good faith legal basis" and that

[2] Federal also argues that either (1) GIT's bad faith claim, assuming there is one, was assigned to GIT's creditors or (2) it is now barred by the statute of limitations. However, because I decided the April 8, 2008 Order on other grounds which remain persuasive here, I decline to address these arguments.

there was no evidence that Federal had unreasonably refused to pay GIT's claims. Therefore, GIT could have responded to the motion to dismiss by asserting that its claim for bad faith was independent of Federal's obligation to pay under the Supersedeas Bond, *i.e.*, that its claim was based on both a failure to pay and a failure to reasonably investigate and administer the claim. As it did not do so, it is now precluded from raising this argument on a Rule 59(e) motion. *See id.*

Furthermore, this argument fails to present any valid reason why amendment of my previous order is necessary to "correct clear error or prevent manifest injustice." *Id.* GIT is correct that Colorado recognizes a bad faith cause of action separate from the underlying obligation to pay under an insurance policy, *see Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1270 (Colo. 1985) ("[T]he tort of bad faith depends on the conduct of the insurer regardless of the ultimate resolution of the underlying compensation claim."), and that it alleged Federal's failure to investigate and administer the claim in the complaint (*see* Compl. ¶ 14, 18).[3] Regardless, however, the fact remains that due to

[3] I note, however, that it is clear that the crux of GIT's complaint is that Federal failed to pay under the Supersedeas Bond as GIT continues to allege and assert this claim in its filings. (*See* Compl. ¶ 1 ("This is an action seeking damages against the Defendant . . . for the bad faith rejection and refusal to fulfill its surety/insurer duties and policy obligations owed to the Plaintiff pursuant to 'Bond #8131-18-24' by unjustifiably and unreasonably and in bad faith withholding, delaying, and wrongfully denying prompt payment of tens of millions of dollars in bond policy proceeds undisputedly due, owing, and payable to Plaintiff."); *id.* ¶ 25 ("Federal tortuously breached its duty of good faith and fair dealing owed to GIT by wrongfully withholding, delaying, and denying payment of millions of dollars in uncontested and undisputed amounts due and owing to GIT."); Br. in Support of Mtn. to Alter, Docket No. 31 at 2 ("On August 14, 2007, GIT filed a Verified Complaint alleging Federal's bad faith failure to fulfill its surety/insurer duties and policy obligations for denying tens of millions of dollars in bond policy proceeds **undisputedly** due, owing and payable to GIT." (emphasis in original)); Resp. to Mtn. for Sanctions, Docket No. 54 at 4 ("As pled in GIT's Verified Complaint and Demand for

Judge Kane's issuance of the stay as to the judgment against Federal in the underlying litigation, Federal was under no obligation to pay under the Supersedeas Bond or the judgment in the underlying case. Therefore, its decision to not pay GIT *and* to not investigate or administer the claim cannot be said to be unreasonable.[4] *See Transamerica Premier Ins. Co. v. Brighton Sch. Dist. 27J*, 940 P.2d 348, 354 (Colo. 1997) ("A commercial surety acts in bad faith when the surety's conduct is unreasonable and the surety knows the conduct is unreasonable or recklessly disregards the fact that its conduct is unreasonable."). Moreover, given the stay, Federal could not have acted with the knowledge that, or in reckless disregard of the fact that, its conduct was unreasonable. *See id.* To hold otherwise—and hold Federal liable for not acting on an obligation or administering a claim that was expressly stayed—would require Federal to take action when a court order expressly determined that no action was required. Such a requirement would itself be unreasonable and presents no valid ground for alteration or amendment of my previous order.

Second, I conclude that GIT's argument that the April 8, 2008 Order inappropriately took judicial notice of the stay in the underlying case pending before Judge Kane presents no grounds for alteration or amendment.[5] GIT fails to identify any

---

Jury Trial (Doc. No. 1), FEDERAL has unreasonably and intentionally withheld bond policy proceeds that have never been disputed as due GIT." (emphasis in original)).)

[4] I also note that GIT does not allege either in the Complaint or the Motion to Alter that Federal acted in bad faith by pursuing its appeal and the stay in the underlying litigation.

[5] GIT and its counsel seemingly seek to attribute to me some ulterior motive in my reliance on the stay with baseless claims such as that my prior ruling "involved a

actual error in my taking judicial notice in the April 8, 2008 Order. Indeed, GIT does not dispute that the stay entered in the underlying case, does not identify any other record matter in the underlying case that has any impact on this case or the stay itself, and does not provide any articulation of why judicial notice was inappropriate in this case. Therefore, I conclude that it was appropriate to "take judicial notice of the underlying litigation, *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.,* Case No. 95-2510-JLK-BNB, particularly Docket No. 746, which enters judgment against both MK and Federal, and Docket No. 798, which stays execution of the August 2006 judgment as against Federal[, and] the Tenth Circuit opinion, *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221 (10th Cir.1999)." (April 8, 2008 Order, Docket No. 26, at 2 n.1.) *See Binford v. United States*, 436 F.3d 1252, 1256 n. 7 (10th Cir.2006) ("A court may take judicial notice of "its own files and records, as well as facts which are a matter of public record." (quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir.2001))). Furthermore, pursuant to the same law and reasoning as applied in the April 8, 2008 Order, I take judicial notice of the Tenth Circuit opinion in Federal's appeal, *Morrison Knudsen 2*. As I find that none of GIT's arguments warrant

---

detrimentally narrow selection and unfair factual evaluation of the record from Case No. 95-2510" (Mtn. to Alter, Docket No. 31 at 11); that "[i]t was error for the Court to cull the record of other proceedings, weigh the import of one selected order, disregard all other record matters, and declare, as a matter of law, that Federal's conduct is factually reasonable", *id.* at 12; and that "[w]hile utilizing judicial notice may be appropriate in certain limited situations, it is completely unjustified and misapplied in the present case", *id.* Judicial notice was used simply to confirm the fact of the stay alleged in Defendant's brief which provided the sole basis for my ruling.

amendment or alternation of my previous order, GIT's Motion to Alter shall be denied.

I also conclude that there is no merit to GIT's apparent argument in its "Supplemental Authorities Supporting the Plaintiff's Motion to Alter or Vacate or for Relief From the Judgment of Dismissal and the Denial of All Sanctions Motions Directed Against Plaintiff and Plaintiff's Counsel" (Docket No. 58), which provided *Morrison Knudsen 2*, that because *Morrison Knudsen 2* affirmed Federal's liability under the Supersedeas Bond, GIT's bad faith claim is valid. The Tenth Circuit's decision in Federal's appeal, even though adverse to Federal, does not change the fact that at the time GIT brought this case, Federal's obligations under the Supersedeas Bond and the judgment in the underlying litigation were expressly stayed by Judge Kane.

However, I agree with GIT that Federal is not immune from any potential bad faith liability related to the Supersedeas Bond that may arise subsequent to my April 8, 2008 Order.

2. Motion for Attorney's Fees Pursuant to Colo. Rev. Stat. § 13-17-201

Federal moves for an award of attorney's fees pursuant to Colo. Rev. Stat. § 13-17-201. Section 13-17-201 provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

"Thus, an award of attorney fees is appropriate when the trial court dismisses an entire tort action pursuant to C.R.C.P. 12(b)." *Robinson v. Colo. State Lottery Div.*, 179 P.3d

998, 1009 (Colo. 2008) (citing *State v. Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998)).

Federal argues that an award of attorney's fees is warranted in this case under Colo. Rev. Stat. § 13-17-201 because a dismissal pursuant to Fed. R. Civ. P. 12(b) is equivalent to a dismissal under Colo. R. Civ. P. 12(b). GIT objects arguing that because the Colorado Statutes must be strictly construed and Colo. Rev. Stat. § 13-17-201 states expressly that dismissal must be pursuant to the Colorado Rules of Civil Procedure, section 13-17-201 does not apply to this case. GIT further argues that an award of attorney's fees is not appropriate because the amount of attorney's fees that Federal is claiming is not reasonable.

When federal subject matter jurisdiction is based on diversity of citizenship, the federal court must "apply the substantive law of the forum state." *Beardsley v. Farmland Co-Op, Inc.*, 530 F.3d 1309, 1313 (10th Cir. 2008) (citations omitted) (relying on *Erie R.R. v. Tomkins*, 304 U.S. 64 (1938)). "In the Tenth Circuit, attorney fee statutes are considered substantive." *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) (citing *Boyd Rosene & Assocs. V. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999)). Therefore, consultation of the Colorado Statues for attorneys fees is appropriate in this case. *See id.*

Under section 13-17-201, two conditions must be met, the action must be an action in tort, *see Robinson*, 179 P.3d at 1009 (citing *Golden's Concrete Co.*, 962 P.2d at 925), and the action must be dismissed pursuant to Colo. R. Civ. P. 12(b). In Colorado, an action for bad faith breach of an insurance contract is an action in tort.

*See Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. 2008) ("A bad faith breach of insurance contract claim is a tort claim governed by the two year statute of limitations."); *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1183 (10th Cir. 2005) ("[T]he Colorado Supreme Court has reiterated the general principle that '[a]n insured can recover damages for bad faith breach of insurance contract based on traditional tort principles.'" (quoting *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004))). Therefore, the first element has been satisfied.

With respect to the second factor, GIT does not dispute that the entire action was dismissed on motion by Federal pursuant to Fed. R. Civ. P. 12(b)(6). Rather, GIT argues that dismissal pursuant to Fed. R. Civ. P. 12(b) does not satisfy the condition that the action be dismissed pursuant to Colo. R. Civ. P. 12(b). The Tenth Circuit, however, has expressly determined that section 13-17-201 applies when a case has been dismissed pursuant to Fed. R. Civ. P. 12(b) even though the statute only expressly refers to Colo. R. Civ. P. 12(b). *Id.* at 757 n.6 ("Section 13-17-201 expressly applies only to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure. However, we find the statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6)."). As both elements of section 13-17-201 have been met in this case, an award of attorney's fees to Federal is mandatory. *See* Colo. Rev. Stat. § 13-17-201 (stating that the defendant "shall have judgment for his reasonable attorney's fees in defending the action"); *Kreft v. Adolph Coors Co.*, 170 P.3d 854, 859 (Colo. Ct. App. 2007) ("An award of attorney fees is mandatory when a trial court dismisses a tort action under C.R.C.P. 12(b).").

GIT's argument regarding the reasonableness of the fees is misplaced and does not provide a reason to deny attorney's fees to Federal under Colo. Rev. Stat. § 13-17-201. The determination of the reasonableness of the fees is separate from the decision that an award of fees is appropriate. Indeed, GIT has filed a motion to bifurcate the issue of entitlement and amount of attorney's fees. (*See* Docket No. 36.) In that motion, to avoid potentially unnecessary work, GIT moves to bifurcate the issues and seeks additional time to address the reasonableness of the attorney's fees sought by Federal should attorney's fees be awarded to Federal. *Id.* Given GIT's express request that the issues be bifurcated and it be allowed to address the reasonableness at a later date, it is clear that even GIT recognizes that any objection to the reasonableness of the fees is not an appropriate argument against imposition of the fees in the first place.[6]

3. <u>Motions for Sanctions</u>

Federal moves for imposition of attorney's fees, costs, and expenses against GIT's counsel personally pursuant to 28 U.S.C. § 1927 (Docket No. 39) and Fed. R. Civ. P. 11 (Docket No. 52). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Sanctions under § 1927 are appropriate when an attorney acts 'recklessly or with indifference to the law.'" *Dominion Video Satellite, Inc. v. Echostar*

[6] With respect to the motion to bifurcate (Docket No. 36), I conclude that, given my ruling *infra* regarding sanctions including ordering Federal to provide a revised description of its incurred attorney's fees, GIT's motion to bifurcate is now moot.

*Satellite, LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987)). They are also appropriate "'when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Id.* (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)). A finding of bad faith is not necessary to impose sanctions under section 1927. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). Indeed, sanctions under section 1927 "are levied to compensate the victims of dilatory practices, not as a means of punishment." *Id.* at 1203. However, section 1927 "covers only the multiplication of 'the proceedings in any case'" which "necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply the proceedings until *after* those proceedings have begun." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224–25 (10th Cir. 2006) (emphasis in original). Motions for sanctions under section 1927 may be brought after final judgment in the case. *Id.* at 1223 ("We simply conclude that § 1927 sanctions are not untimely if sought or imposed after final judgment.") (citing *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997))).

Rule 11 provides that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [*inter alia*] (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). Furthermore, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions may include, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part of all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). However, imposition of sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*; *see also Hutchinson v. Pfeil*, 208 F.3d 1180, 1183 (10th Cir. 2000) ("[I]n keeping with its 'ultimate goal of deterrence, rather than compensation,' Rule 11 'de-emphasizes monetary sanctions and discourages direct payouts to the opposing party." (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)). This is in contrast to sanctions under section 1927, whose purpose is more "victim-centered." *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1205 (10th Cir. 2008).

Submitting essentially identical motions with respect to the factual allegations, Federal argues that GIT should be sanctioned under either section 1927 or Rule 11 for its actions in this case including: filing a frivolous lawsuit and continuing to pursue the lawsuit even after being advised by Federal that the claims had no basis; conduct related to discovery that "vexatiously multiplied the lawsuit" including refusing to stipulate to a set of undisputed material facts and failing to adequately respond to discovery requests; actions pre-dating the current suit including opposing Federal's

motion to stay in the underlying lawsuit and filing a complaint against Federal with the Florida Department of Financial Services; filing the lawsuit when it lacks standing to do so based on GIT's bankruptcy proceedings; filing the lawsuit when the claim is barred by the statute of limitations; taking contrary legal positions in other legal proceedings; and filing the Motion to Alter which only rehashes arguments previously made. GIT[7] opposes imposition of attorney's fees against counsel arguing first that, based on the same arguments asserted in the Motion to Alter, it had a reasonable basis to file the bad faith claim. Additionally, with respect to section 1927 sanctions, GIT argues that there was no multiplication of proceedings in this case as nothing had to be redone or reargued and Federal has not demonstrated that it incurred any excess costs due to GIT's actions. GIT also argues that Rule 11 sanctions cannot be applied in this case because such sanctions are not available for motions filed after a case is dismissed. Finally, GIT argues that no sanctions should be awarded based on discovery conduct because Rule 11 does not apply to discovery and all of GIT's actions with respect to discovery were approved by Magistrate Judge Shaffer.

After reviewing the parties' pleadings and arguments, I conclude that sanctions pursuant to section 1927 are appropriate in this case based on GIT's continued pursuit of the case even after it was notified and warned that the stay in the underlying litigation precluded a bad faith claim based on a failure to pay or administer its claim.[8] Indeed, as

---

[7] Although the motions are for imposition of sanctions against counsel for GIT, I will continue to refer to GIT as the party opposing the motions in my discussion of the motions.

[8] Again, I note that GIT has never asserted that Federal acted in bad faith in pursuing its appeal in the underlying litigation or seeking the stay pending resolution of

I have determined, given Judge Kane's stay of the judgment against Federal in the underlying litigation, Federal could not have acted in bad faith by failing to pay, administer, investigate, or address GIT's claim under the Supersedeas Bond.[9] Therefore, sanctions pursuant to section 1927 are appropriate because "the entire course of the proceedings was unwarranted." *Dominion Video*, 430 F.3d at 1278. Although GIT is correct that section 1927 sanctions cannot be awarded based on the initiation of proceedings, *i.e.*, the filing of the action itself, *see Steinert*, 440 F.3d at 1224–25, GIT is incorrect that section 1927 sanctions are precluded in this case altogether because there has not been duplicative filings or proceedings. GIT has not presented any case law supporting its contention that only "repeated, multiplied, or rescheduled" proceedings can form the basis of section 1927 sanctions. In fact, the *Steinert* Court recognized that section 1927 sanctions can be awarded for "prolonging meritless claims." *Id.* at 1224; *accord Shackelford v. Courtesy Ford, Inc.*, 96 F.Supp.2d 1140, 1143 (D. Colo. 2000) ("Section 1927 sanctions may be imposed where counsel persists in a position or in prosecution of a claim after it becomes clear that the position or claim is unfounded." (citing *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985))). Furthermore, contrary to GIT's arguments, the excess costs in this case were not incurred from duplicative proceedings, but from having to defend

its appeal.

[9] Federal also argues that the entire case was meritless *ab initio* because (1) GIT lacked standing to pursue the claims because all of GIT's assets were assigned to its bankruptcy creditors; (2) the statute of limitations had expired; and (3) GIT's principal asserted contrary legal positions in another proceeding. As I conclude that section 1927 sanctions are appropriate based on Judge Kane's stay in the underlying litigation—the basis of the April 8, 2008 Order—I need not address these arguments.

against a meritless claim. Thus, I conclude that sanctions pursuant to section 1927 are appropriate for attorney's fees and expenses incurred after the motion to dismiss.[10] *See id.* at 1225–26 (awarding sanctions for pursuit of meritless claims after a motion to dismiss was filed by defendant).

However, I decline to impose sanctions against GIT's counsel under Rule 11. Because an award of sanctions under section 1927 is appropriate against GIT's counsel, Rule 11 sanctions would be duplicative. Furthermore, as Rule 11 only applies to a specific pleading, *see Steinert*, 440 F.3d at 1223 ("Rule 11 focuses only on a challenged pleading or written motion."), GIT's violations of section 1927 encompass broader conduct not covered by Rule 11. I do note, however, that contrary to GIT's argument, even though the case was previously dismissed and generally a Rule 11 motion would be untimely, sanctions pursuant Rule 11 would be appropriate in this case because GIT's Motion to Alter is pending. *See Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) ("'[S]ervice of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.'" (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 727 (3d ed. 2004))); *Shackelford*, 96 F.Supp.2d at 1143 (holding that defendant's motion for sanctions failed because "a Rule 11 motion cannot be made unless there is some

[10] In its motion, Federal argues that GIT should be sanctioned for conduct outside this case. It is unclear, however, whether Federal is merely attempting to demonstrate GIT's overall conduct or whether it seeks attorney's fees and expenses for such conduct. I limit my review to this case and decline to award sanctions based on GIT's conduct in either the underlying litigation or the filing of a complaint with the Florida Department of Financial Services.

paper, claim or contention that can be withdrawn”)).

Due to the dual award of attorney’s fees and expenses in this Order—against GIT as a party pursuant to Colo. Rev. Stat. § 13-17-201 and against GIT’s counsel pursuant to 28 U.S.C. § 1927—it is necessary to mete each award to avoid duplicative recovery by Federal. I conclude that it is appropriate to require GIT, as a party, to pay for all attorney’s fees incurred from initiation of the case through the filing of the motion to dismiss and GIT counsel, Mr. Frederick Huff and Mr. Steven R. Schooley, to pay for all attorney’s fees incurred thereafter. Therefore, Federal shall submit a revised description of the fees incurred in this case pursuant to D.C.COLO.LCivR 54.3 which breaks down the fees as indicated.

Accordingly, it is ordered:

1. GIT’s Motion to Alter, or Vacate, or for Relief from the Judgment of Dismissal (Docket No. 30) is denied.
2. Federal’s Rule 54(d)(2) Motion for Attorney Fees (Docket No. 33) is granted as provided in this Order.
3. GIT’s Motion to Bifurcate Attorney Fee Issues (Docket No. 36) is denied as moot.
4. Federal’s Motion for Costs, Expenses, and Attorney’s Fees Pursuant to 28 U.S.C. § 1927 (Docket No. 39) is granted as provided in this Order.
5. Federal’s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Docket No. 52) is denied.
6. Federal shall submit a revised description of the fees and expenses incurred in this case pursuant to D.C.COLO.LCivR 54.3 and Section 7 of my Pretrial and

Trial Procedures which breaks down the fees and expenses as indicated in this Order on or before March 30, 2009.

7. GIT shall have ten days to respond.

DATED at Denver, Colorado, on March 13, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge